UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CAROLYN WALDRON & DENISE
WALDRON,

           Plaintiffs,

v.

LISA KOZACHYN, et al.,

           Defendants.

Civil Action No. 19-16928 (RBK) (KMW)

**MEMORANDUM ORDER**

This matter comes before the Undersigned[1] upon Carolyn Waldron and Denise Waldron's (collectively, "Plaintiffs") Complaint (ECF No. 1), application to proceed *in forma pauperis* (IFP App., ECF No. 1-1), and Motion for a Temporary Restraining Order ("TRO") (ECF No. 2). As a preliminary matter, the Court grants Plaintiffs' IFP application based on the strength of Plaintiffs' allegations of indigence.[2] The Clerk, accordingly, shall file the Complaint.[3] For the reasons set forth below, however, the Court denies Plaintiffs' Motion for a TRO.

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). Plaintiffs bear the burden of establishing they are "likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of

---

[1] The Clerk's Office assigned Plaintiffs' Motion for a Temporary Restraining Order to the Undersigned for consideration.

[2] The Court notes Plaintiffs' typographical error on the IFP application, which indicates an average monthly retirement income of $14,484, instead of $1,207. (IFP App. 2.)

[3] Summons shall not issue at this time as the Court's *sua sponte* screening pursuant to 28 U.S.C. § 1915 has not yet been completed. Here, the Court solely considers Plaintiffs' Motion for a TRO.

preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction [or a TRO] inappropriate."[4] *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

Plaintiffs request the Court to issue "an immediate TRO, without notice . . . to stop elderly abuse . . . [and] to protect [Plaintiffs] from homelessness and mental abuse and harassment by Defendants." (TRO App. ¶¶ 31-32.) According to Plaintiffs, they will suffer immediate harm because "[o]n or about August 14, 2019, Carolyn received Notice . . . that Denise must leave MEWS or MEWS would remove both Carloyn and Denise. Said Notice comprises immediacy without a date." (*Id.* ¶ 21.)

The August 14, 2019 Notice to Cease referenced by Plaintiffs, however, provides:

> If you do not **CEASE** and **STOP** substantially breaching or violating your Lease Agreement as set forth above and/or if you continue to violate your Lease Agreement in the same or similar manner as described in this notice, you will be served with a **NOTICE TO QUIT**, which will terminate the tenancy, and require you to vacate the premises on the date set forth in that notice.

(Compl. Ex. D (emphasis in original), ECF No. 1-4.) There is no indication from the motion papers that Defendants issued a Notice to Quit. Consequently, the Court finds that Plaintiffs failed to demonstrate that they will suffer immediate and irreparable harm and failed to make a sufficient showing to justify emergent *ex parte* relief. Accordingly,

---

[4] Because the Court finds Plaintiffs failed to establish immediate and irreparable harm, the Court does not address the remaining preliminary injunction factors.

2

IT IS on this 20th day of August 2019, **ORDERED** that:

1. Plaintiffs' Motion for a TRO (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.
2. Plaintiffs shall provide a copy of this Memorandum Order to Defendants by **August 26, 2019**.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE